May it please the court, my name is Harlan Kimura, Assistant United States Attorney Tom Brady. May I reserve two minutes for rebuttal to answer any questions by the government or the court? Yesterday the government and the appellant filed a 28-J letter basically advising the court that the court indicated last month and there was an en banc hearing, basically that... You said the Ninth Circuit. I'm sorry, the Sixth Circuit. That Sixth Circuit case essentially is on all fours with the issue in this case. Basically, the Sixth Circuit en banc ruled that the sentencing factors, section 3553A, cannot be used in a substantial assistance Rule 35 motion, which is essentially what the issue is in this case. And we are arguing that the district court erred when it relied upon the appellant's criminal history as well as the circumstances surrounding the offense in order to determine that it would grant the government's motion and cause a reduction of only 24 months. Now, the district court relied upon the Ninth Circuit Doe case, but in that Doe case, it essentially says only if you're going to be denying the government's motion for 35B or giving a reduction that is less than what the government is asking for, would you look at factors other than the substantial assistance factors to determine what should be the defendant's sentence. Well, that doesn't seem like a very... So you seem to be arguing that if you deny it or give less than what the government is asking for, you can rely on 3553, but if you are willing to give what the government is asking for, you can't rely on 3553 factors to not give more than that. That's your argument. Well, Your Honor, I'm basically looking at the Doe case, and that's what the Doe case says. The Doe case says from the Ninth Circuit, only if you deny or give less of a reduction than requested by the government can you rely upon factors other than substantial assistance, which would be the 3553A factors. You might have added the word only. I'm sorry. Well, that's the question in front of us, but I'm not sure that we previously held you may do so only. Obviously, the case that we had in front of us was such a case. Yes, well, our position is that in the Rule 35 motion, if you're going to be granting it wholesale, which is what happened in this case, according to the Doe case, you would look at the substantial assistance of the defendant, and that would be the basis of your decision. And your argument is that in denying your motion for an additional reduction beyond what the government has asked for, the district court is limited to looking only to the degree of assistance and can't look at the overall set of factors that 3553 would dictate? Well, our position is that, you know, according to Rule 35B, it's not the right of the defendant to file the motion. So we may be requesting for more, but it's merely a request. It's not a motion. And so it's up to the sentencing judge to decide whether it's going to be granting the government's motion, denying it, ruling that it should get or the defendant should get less or more. But as to what the defendant is asking for, it would be merely a request, and what the judge decides would determine what kind of factors the judge can look at. Well, I understand that you're cutting things up in this way, but I can't understand a rationale for it. I mean, what would the better rule, and it seems like what the Sixth Circuit eventually came out with, is you can rely on 3553A factors in either direction. Well, no, you can't. I mean, what they came out with is very odd, because you can't rely on 3553A factors, but you can rely on factors that look an awful lot like the 3553A factors in either direction. I mean, what bothers me the most about this whole scheme is that it's a one-way ratchet. Apparently you can rely on 3553A factors to deny but not to grant a motion. But why couldn't you simply get rid of that, make it a two-way street, and then why wouldn't that make more sense? Well, we're basically just relying upon the low case of the Ninth Circuit. But I understand Your Honor's concern that, you know, if it was both ways, it would seem a better way to look at it. In the Sixth Circuit grant case, they do refer to different things that you could look at, but it's sort of like consistent with the Doe case, where if you're going to be denying or giving a lesser reduction, you can rely upon the defendant's criminal history, the offense conduct, protection of the community, disparity in sentencing, those kinds of things. But if you're going to be granting it, it's just the substantial assistance, and essentially you could look... You know, one argument is that you can divide that whole inquiry into two parts. In other words, as you say, in making the decision on whether or not to grant substantial assistance, you can only look at that one factor. But once the judge makes the decision, say, to grant the motion, then everything else is in place. What's wrong with that approach? That approach essentially would bring in the sentencing factors twice. Because, you know, first you get sentenced, and the judge would take into account, if it's not a mandatory minimum case, the judge would take into account the 3553A factors. And then on a Rule 35 motion, if the sentencing judge were to again look at the very same factors, it's sort of like the defendant would be, in this case, would be penalized twice. And so you could look at it in a two-step analysis, but in the second step, you would still be limited to the substantial assistance factors, essentially those enumerated in the 5K1 sentencing guideline provision. Would it make any difference whether the 3553A factors were factors that had arisen since the original sentencing? Suppose the guy had done something since the original sentencing, or something had come up since the original sentencing. That would have been, I don't have an example right now, but that would have been a legitimate consideration now. So that wasn't taken into account. I understand your argument that it was taken into account in the first place, but let's imagine something that wasn't taken into account in the first place. Well, Your Honor, in that kind of situation, it depends on whether it's going to be granted or denied according to the Doe case. Now, yes, it could be that post-sentencing, if there was substantial rehabilitation or whatever else, an argument could be made and possibly implicitly the judge could take it into account, but it couldn't announce it in its decision as to whether to grant in wholesale the motion. Your Honor, I notice your rent time is running down. Let's hear from the government, and then you will have saved some time. Yes, Your Honor. Thank you. Aloha and good morning. Assistant United States Attorney Tom Brady on behalf of the United States. When I looked at this case, I thought of the classic caveat, be careful what you wish for, you may receive it. In this case, it is the government that is asking for the district court to have more discretion in sentencing, and it's the defendant that's saying no, the district court should have less discretion when sentencing. It's been my experience the exact opposite, and I told counsel that whoever wins this argument may rue the day in subsequent proceedings. But is your argument for a two-way street? As the government's attorney, I like the one-way ratchet. And I think Doe and Chapman scanned for that proposition. Doe doesn't quite say that, does he? Excuse me? Doe doesn't quite say that, does he? I think you're correct in that because Doe's facts dealt with a denial. It clearly was talking about 3553 factors in the denial. I think the Chapman court said, well, we looked at Doe, and we saw it as different. We saw that you can use these factors in determining granting a motion as well. And even in Chapman, there's two defendants, and one is the government I think was silent as to its request on how much of a departure or how much of a substantial assistant credit he should be given. But I clearly understand the court's position as to whether or not there should be a two-way ratchet, and I think that's something that the court needs to consider as it seems that our circuits are on two different tracks right now. Some circuits are allowing the 3553 factors and others clearly are not. I think what the courts are trying to avoid is a full-on sentencing hearing, new hearings. And as the judge has requested, well, what's the problem with that? And I think what was focused on in other opinions is there may be a disparity in sentencing defendants because somebody's going to get a second crack at this. Counsel said it would be punished twice. The government would say it would be rewarded twice. He'd be able to bring in everything in the kitchen sink, and as you suggest, there might be some good factor that he could bring in and say, hey, this didn't exist at the time of sentencing. It clearly doesn't have anything to do with substantial assistance, but it's a factor that the court should consider. The bottom line is this. Either the court is allowed to look at other factors other than just substantial assistance or it's not. And whether or not you call them 3553 factors or overlapping factors or something short of that. But what argument is there about why you should be able to do it in one direction? That's the part I have a real problem with. In other words, I can understand either rule. I can understand a rule that says you can't look at anything else. I can understand a rule that says you would have to be able to grant or deny based on the assistance. But once you've determined to do that, I don't understand why the amount of time in either direction wouldn't be influenced by 3553A or nothing, but not in one direction. And my only response to that is I think logically that makes sense. I think that's a question that could be preserved for another day and that doesn't need to be addressed as far as this facts of this case are concerned. But I think the court is correct. Why do you say it doesn't need to be addressed here? I think because here the court granted the government's motion as it was outlined on 24 months as opposed to 48 months. The court didn't bring in more or less than what the government was asking. So, again, our argument is that, albeit it could be attacked, that both Doe and Chapman stand for that proposition that a court can use these factors in determining up to what the government has suggested as substantial assistance credit. I see. So you'll expand Doe to up to. Correct. But I understand the court. For another day we have to go through this one more time. I have argued before the Ninth Circuit Court on other matters unrelated to this in which I asked for the whole enchilada and the court said, no, we don't do it that way here. We just go one step at a time. So I'm suggesting here that we go one step at a time. But I do see the logical conclusion as perhaps a ratchet that goes in both directions. I have to say it just doesn't make a lot of sense to me that we should or that the rule should be read as hobbling the district judge saying the only thing you get to consider, at least in certain circumstances, is the degree of assistance. And you can't consider the overall context of what the person did, who the person is, all the factors that you look at for 3553. And even if we tell the district judge that he or she can't consider them, I have a feeling the district judge is just going to do it without saying so. I agree with the court completely. The court cannot sentence in a vacuum. These factors have to be taken into account. Of course, the theory of that reduction or the departure is that, well, all those other factors have already been considered once, right? That is correct. The court has made a determination. And the only thing before the court now is should there be a further reduction for substantial assistance? That is correct. And that's the title of the statute, and that's been the argument that it should really pertain to it. But as the rule has evolved and the case law has evolved, it appears to be less and less of an issue. It appears that broader discretion is the direction that we're going as to Rule 35. Is there some way in which this discretion is being influenced by the Booker and Apprendi problems? I don't know if there's a connect there, but certainly, obviously, Booker went in the direction of thinking that you were solving a constitutional problem by giving district judges more discretion and being this quiet with not doing that. Is there some way in which if you don't do that, you're going to run into an Apprendi problem? I think so, Judge. I think that we will be in that problem if we don't allow more discretion with the court. And I think that was the amendments in 2007. So I do believe that that Booker has kind of made its mark on Rule 35 in that sense, that we need to have more discretion with the court. Okay. Thank you. Thank you. Mr. Kamara? You've saved a little over a minute. Yes, Your Honor. Just I wanted to bring up one point. There is a district court opinion where the district court in the state of Hawaii already has been following the argument that I said where it should only be when substantial reduction is looked at or granted, only substantial reduction factors are allowed. And that would be in the United States v. Low case, which I cited. So there is at least one district judge in this district already following the rule that when you do a Rule 35 motion, only substantial assistance factors should be taken into account. Regarding the issue regarding whether you're going to take into account all these other factors, we would argue as mentioned by the court that, you know, it's already been taken into account in the sentencing. You can't take it into account the second time. In a mandatory minimum case, it was never taken in the first time. And so that would not even become an issue. And only substantial assistance would be looked at to determine a Rule 35 motion. And one last thing, Your Honor. Mr. Taddeo is scheduled to be released this coming summer. And so we would request that if a decision is made and it's in favor of Mr. Taddeo, it be done relatively quickly so we can have a re-sentence. So it will make a difference. Okay. Thank you, Your Honor. Thank you. Thank you very much. Thank you. Both sides for your nice arguments.
judges: Tashima, Fletcher W. , Berzon